**MARWOOD COMPANY, Inc. v. CLEARVIEW DORWINDO CORP.**
**No. 16828.**

Circuit Court, Palm Beach County.

October 9, 1957.

Miller, Hewitt & Cone, West Palm Beach, for plaintiff.

Burns, Middleton, Rogers & Farrell, West Palm Beach, for defendant.

R. O. MORROW, Circuit Judge.

This cause comes before the court on the motion of the defendant for partial summary judgment, and on the plaintiff's motion for leave to file an amended complaint.

The court has granted the motion for leave to file an amended complaint and has considered the motion for partial summary judgment in the light of the amended complaint, considering the answer filed to the original complaint as an answer to the amended complaint.

It appears to the court that the lease which is a part of the amended complaint required that an option to renew the same should be made in writing. Also, section 83.04, Florida Statutes, provides that when a lease has terminated without a renewal by some further instrument in writing, a holding over shall be construed as a tenancy at sufferance.

It appears from the pleadings and affidavits herein that the lease had terminated, that no instrument in writing renewed the option in the lease or renewed the lease and that the defendant was a tenant at sufferance at the time of vacating the premises and is not liable for rent after vacating said premises.

It is thereupon ordered and adjudged that the motion for partial summary judgment is granted, and that the plaintiff take nothing by reason of the allegations of paragraphs 3, 4 and 5 of the amended complaint, and that the defendant is allowed 10 days in which to plead further if defendant be so advised, and the plaintiff 10 days thereafter to reply to any pleading filed by the defendant.